**LEHIGH PORTLAND CEMENT COM-
PANY, Plaintiff-Appellant,**

v.

**William E. SWOPE et al., Defendants-
Appellees.**

No. 71-2203.

United States Court of Appeals,
Fifth Circuit.

Feb. 23, 1972.

William B. Killian, Miami, Fla., Kirkland, Ellis, Hodson, Chaffetz, Masters & Rowe, Washington, D. C., Edward W. Hyland, Allentown, Pa., James H. Wallace, Jr., Warwick R. Furr, II, Washington, D. C., for plaintiff-appellant.

John C. Fricano, Antitrust Div., George Edelstein, John Mitchell, Atty. Gen., Howard E. Shapiro, U. S. Dept. of Justice, Washington, D. C., for defendants-appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

On February 5, 1971, Lehigh Portland Cement Company, the appellant, filed in the District Court a civil complaint against certain attorneys of the Antitrust Division of the United States Department of Justice charging that these attorneys had illegally obtained evidence for use against Lehigh and had otherwise violated its constitutional rights. Lehigh prayed that the use of such evidence in any criminal proceeding he enjoined. This case was assigned to Judge C. Clyde Atkins.

On the same day, Lehigh filed a motion to quash or modify a subpoena duces tecum issued for Lehigh by the grand jury at the direction of the Antitrust attorneys. This motion was assigned to Judge William O. Mehrtens.

Agreeably to a local rule of the District Court Lehigh filed notice of pendency of the actions with both Judges.

On February 16, 1971, Judge Mehrtens held a hearing on the motion to quash. He announced from the Bench that he would not defer compliance with the subpoena pending the disposition of the complaint for injunction. On March 3 he denied the motion to quash.

Thereafter, on April 12, Judge Atkins in a hearing on a motion to dismiss the complaint for injunction announced from the Bench that the motion would be granted. This action was formalized in a memorandum opinion dated April 21, 326 F.Supp. 180. Judge Atkins held that "the exact issues have already been determined adversely to Lehigh" and that a collateral attack on the decision of another division of the same Court would have to be rejected. Lehigh appeals.

Upon consideration of the record, briefs, and oral argument we affirm the judgment of dismissal, United States v. American Radiator & Standard Sanitary Corporation, 3 Cir., 1967, 388 F.2d 201, cert. denied, Decker v. United States, 390 U.S. 922, 88 S.Ct. 857, 19 L.Ed.2d 983; United States v. Ryan, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971).

Affirmed.