**CHEMETRON CORPORATION,**
**Plaintiff-Appellee**
**Cross-Appellant,**

v.

**BUSINESS FUNDS, INC., et al., Defendants-Appellants Cross-Appellees.**

No. 80–1658.

United States Court of Appeals,
Fifth Circuit.

Oct. 31, 1983.

Opinion on Granting of Rehearing
En Banc Dec. 29, 1983.

George J. Wade, Henry Weisburg, Jennifer Freeman, Shearman & Sterling, New York City, Alan R. Bromberg, Jenkens & Gilchrist, Dallas, Tex., Kenneth M. Morris, Morris & Campbell, Houston, Tex., for Business Funds, Inc.

Charles W. Schwartz, Christopher W. Byrd, Vinson & Elkins, Harry M. Reasoner, John L. Murchison, Jr., Ann Lents, Houston, Tex., Charles Alan Wright, Austin, Tex., for David C. Bintliff.

Wood, Campbell, Moody & Gibbs, Gary C. Miller, Debora D. Ratliff, Robin C. Gibbs, Robert N. Brailas, Houston, Tex., for Estate of John F. Austin, Jr.

Reynolds, Allen & Cook, Joe H. Reynolds, Lloyd R. Cunningham, Jr., P.J. Murphey Harmon, Houston, Tex., Carl E. Rothenberger, Jr., Vincent C. Deluzio, James G. Park, Pittsburgh, Pa., Louis Loss, Cambridge, Mass., for plaintiff-appellee cross-appellant.

Richard A. Kirby, Senior Sp. Counsel, Washington, D.C., Jacob H. Stillman, Lawrence W. Koltun, Washington, D.C., for S.E.C. amicus curiae.

Before GEE, REAVLEY and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

In *Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149 (5th Cir.1982), we denied Chemetron's civil damages claim under Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and SEC Rule 10b–5, 17 C.F.R. § 240.10b–5. Chemetron had brought suit against Business Funds, Inc., John Austin, David Bintliff, and others for participating in stock manipulations. We found Business Funds, Austin, and Bintliff were responsible in connection with these manipulations, but that recovery did not lie under Section 10(b) be-

cause the suit involved specific claims of manipulations under Section 9(a) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78i(a). We recognized that the stock manipulations in question established every element of a violation of Section 10(b) and its accompanying Rule 10b–5. But we found that because the jury found that an additional element necessary to constitute an offense under Section 9(a) was lacking, there could be no civil liability under Section 10(b). That additional element required proof that the manipulations "affected" the price Chemetron paid for the stock.

Our opinion properly recognized Section 9 as an express statutory remedy, including specific provision for civil damages, for the kind of manipulation involved. The majority of the panel concluded that the recognition of civil liability under lesser elements in Section 10(b) would not constitute merely a cumulation or overlapping of that section with Section 9(a), but would constitute a nullification of the requisites of the express remedy provided in Section 9(a), since it requires an additional element to establish liability.

In reaching this conclusion, the panel placed heavy reliance upon this Court's earlier decision in *Huddleston v. Herman & MacLean,* 640 F.2d 534 (5th Cir.1981), *modified on denial of rehearing and of rehearing en banc,* 650 F.2d 815 (5th Cir.1982). *Huddleston* involved the issue of whether a Section 10(b) civil remedy would lie in a case where the conduct involved was charged as actionable also under Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k. We held that the 10(b) remedy also was available, even though the express remedy of Section 11 was applicable. Our decision was based on the narrow ground, however, that 10(b) contained additional and different elements of an offense creating the civil remedy than the elements required by Section 11 of the Securities Act of 1933.

The panel in *Chemetron* relied upon *Huddleston* as establishing a requirement that there must be additional and differing elements contained in a Section 10(b) claim to

justify a civil remedy under 10(b) when other remedies were available under other sections of the Securities Acts. Further, we relied upon our conclusion in *Huddleston,* 640 F.2d at 541, that the Supreme Court in recent decisions was "curtailing the broader sweep given the Securities Act by lower federal courts." A majority of the panel was persuaded, therefore, that the number of cases which undertook meticulously to evaluate a possible Section 10(b) remedy as requiring elements in addition to those in an express remedy contained elsewhere in the Securities Acts compelled a holding that the 10(b) remedy could not lie in the face of the specific Section 9(a) remedy when 10(b) did not contain additional or differing requirements in creating liability.

The United States Supreme Court granted certiorari in both the *Huddleston* and the *Chemetron* cases. Upon review, the Court in *Herman & MacLean v. Huddleston,* —— U.S. ——, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983), affirmed this Court in finding on the facts of that case a valid separate Section 10(b) remedy, even though it overlapped with the Section 11 remedy of the Securities Act of 1933. The decision was unanimous, one Justice not sitting. The Court then vacated the judgment in the *Chemetron* case, —— U.S. ——, 103 S.Ct. 1245, 75 L.Ed.2d 476, and remanded it to us to reconsider in the light of its decision and opinion in *Huddleston.*

■ Upon reconsideration, as guided by the *Huddleston* decision in the Supreme Court, we are convinced that Section 10(b) and SEC Rule 10b–5 stand as establishing an independent cause of action under the facts of this case. We conclude that Chemetron is entitled to recover its damages under Section 10(b) and Rule 10b–5. The *Huddleston* opinion, to be sure, recognized that under the facts of that case there were elements in Section 10(b) which added to the requirements of Section 11 so that while there was overlap there was also difference. But in reaching its conclusion, the Court did not rely upon this difference as controlling. The breadth of the analysis of the Supreme

Court can best be set out in the Court's own words:

[I]t is hardly a novel proposition that the Securities Exchange Act and the Securities Act "prohibit some of the same conduct", *United States v. Naftalin,* 441 U.S. 768, 778 [99 S.Ct. 2077, 2084, 60 L.Ed.2d 624] (1979).... " 'The fact that there may well be some overlap is neither unusual nor unfortunate.' " *Ibid, quoting SEC v. National Securities, Inc.,* 393 U.S. 453, 468 [89 S.Ct. 564, 573, 21 L.Ed.2d 668] (1969). In savings clauses included in the 1933 and 1934 Acts, Congress rejected the notion that the express remedies of the securities laws would preempt all other rights of action. (103 S.Ct. at 688).

This cumulative construction of the remedies under the 1933 and 1934 Acts is also supported by the fact that, when Congress comprehensively revised the securities laws in 1975, a consistent line of judicial decisions had permitted plaintiffs to sue under Section 10(b) regardless of the availability of express remedies.... When Congress acted, federal courts had consistently and routinely permitted a plaintiff to proceed under Section 10(b) even where express remedies under Section 11 [the section involved in *Huddleston* ] or other provisions were available. In the light of this well-established judicial interpretation, Congress' decision to leave Section 10(b) intact suggests that Congress ratified the cumulative nature of the Section 10(b) action. (103 S.Ct. at 689) (footnote omitted).

A cumulative construction of the securities laws also furthers their broad remedial purposes. (103 S.Ct. at 689).

The opinion for the unanimous Court then concluded the discussion with words which we find to be controlling:

We therefore reject an interpretation of the securities laws that displaces an action under Section 10(b). (103 S.Ct. at 690).

■ This is a broad and unrestrictive analysis by the Supreme Court. We conclude that a fully proved Section 10(b) remedy can no longer be denied because of some other provision of the Securities Acts of 1933 or 1934.

■ We stress the importance of recognizing, of course, that every element of an offense under Section 10(b) must be met. There was never a doubt raised by our earlier opinion even when we denied the 10(b) remedy that the 10(b) elements had been proved. 682 F.2d at 1162. The jury found that the stock manipulations constituted (1) a scheme relating to the purchase or sale of stock, which included (2) misstatements or omissions, (3) of material facts, (4) made with scienter, (5) upon which Chemetron relied, (6) causing Chemetron's injury, and (7) touching upon the loss in value of the stock. These are the elements required by Section 10(b) of the statute and Rule 10b–5. *Huddleston & MacLean,* 640 F.2d 534, 543 (5th Cir.1981).

All the requirements of a violation of Section 10(b) having been met, the 10(b) claim is not defeated by the fact that the jury found the activities did not have an "affect" on Chemetron's purchase price of the stock, a necessary element of an offense under Section 9(a). The independent stature of Section 10(b) with respect to claims under the Acts has now been established by the Supreme Court's decision in *Huddleston.*

In remanding the case to us, the Supreme Court vacated the judgment. We have reconsidered all other portions of our judgment and reinstate it as to those other portions.

Except for the availability of the Section 10(b) remedy without proof of affected price, despite the specific requirement of Section 9(a), Judge Reavley continues to adhere to his views expressed in his partial dissent to the original panel decision.

The decision of the district court awarding damages to Chemetron under Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and SEC Rule 10b–5, 17 C.F.R. § 240.10b–5 is now AFFIRMED.

GEE, Circuit Judge, dissenting:

As the majority observes, the Supreme Court has vacated our judgment in this

appeal, remanding the cause for further consideration in light of its supervening decision and opinion in *Herman & MacLean v. Huddleston,* —— U.S. ——, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983). Having done so with all care and deference, I would adhere to our former decision.

Our former exhaustive consideration and disposition of the many issues in this cause, reported at 682 F.2d 1149, is called in question on remand as to a threshold matter: briefing by Chemetron Corporation, and by the Securities ·and Exchange Commission appearing *amicus curiae,* suggests that we erred in our nullification analysis. These arguments lay stress upon *Huddleston*'s approbation of cumulative and overlapping remedies in the area of securities regulation, pointing to such language by the Court as that "it is hardly a novel proposition that the Securities Exchange Act and Securities Act 'prohibit some of the same conduct,'" 103 S.Ct. at 688, *quoting United States v. Naftalin,* 441 U.S. 768, 778, 99 S.Ct. 2077, 2084, 60 L.Ed.2d 624 (1979), and that the existence of "some overlap is neither unusual nor unfortunate," 103 S.Ct. at 688, *quoting ibid.,* which in turn quoted *SEC v. National Securities, Inc.,* 393 U.S. 453, 468, 89 S.Ct. 564, 572, 21 L.Ed.2d 668 (1969). I cannot gainsay that these arguments have force.

As we pointed out at length in our original opinion, however, this appeal presents the special case where applying Section 10(b) to the specific conduct denounced by Subsection 9(a)(4) would effect a nullification of that express remedy, one enacted by the Congress. 682 F.2d at 1161–3. We concluded:

> Rule 10b–5(b) therefore requires no *additional* proof of facts creating a *higher* burden of proof when compared to subsection 9(a)(4) and contains no elements that compensate for this change. Lacking a trade-off for this easing of the burden of proof and concomitant enlargement of the plaintiff class, we hold that permitting a judgment for Chemetron under a Rule 10b–5(b) implied action for misrepresentation or nondisclosure of the stock scheme impermissibly nullifies Con-

gress' deliberate and careful limitations on the express statutory remedy of subsection 9(a)(4). (footnotes omitted.)

Language and reasoning similar to ours is to be found in the Court's *Huddleston* opinion:

> This conclusion is reinforced by our reasoning in *Ernst v. Hochfelder,* [425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668] *supra,* which held that actions under Section 10(b) require proof of scienter and do not encompass negligent conduct. In so holding, we noted that each of the express civil remedies in the 1933 Act allowing recovery for negligent conduct is subject to procedural restrictions not applicable to a Section 10(b) action. 425 U.S., at 208–210 [96 S.Ct. at 1388–1389]. We emphasized that extension of Section 10(b) to negligent conduct would have allowed causes of action for negligence under the express remedies to be brought instead under Section 10(b), "thereby nullify[ing] the effectiveness of the carefully drawn procedural restrictions on these express actions." *Id.,* at 210 [96 S.Ct. at 1389] (footnote omitted). In reasoning that scienter should be required in Section 10(b) actions in order to avoid circumvention of the procedural restrictions surrounding the express remedies, we necessarily assumed that the express remedies were not exclusive. Otherwise there would have been no danger of nullification. Conversely, *because the added burden of proving scienter attaches to suits under Section 10(b), invocation of the Section 10(b) remedy will not "nullify" the procedural restrictions that apply to the express remedies.* —— U.S. at —— ——, 103 S.Ct. at 688–89, 74 L.Ed.2d at 556–7 (emphasis added, footnotes 18 and 19 omitted).

Here, as we pointed out in the passage from our earlier opinion quoted above, no added burden attaches. Instead, applying 10(b) to the same conduct denounced by 9(a)(4) permits a recovery upon a lesser showing at all points than that specified for recovery for such conduct by the Congress. The result is, not cumulation or overlapping, but substitution and nullification.

730

Such an exercise is not for us, and I would decline to undertake it. I therefore respectfully dissent.

## ON SUGGESTION FOR REHEARING EN BANC

Before CLARK, Chief Judge, BROWN, GEE, RUBIN, REAVLEY, POLITZ, TATE, JOHNSON, WILLIAMS, GARWOOD, JOLLY and DAVIS, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that this cause shall be reheard by the Court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.