936 F.2d 574
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie WORTHAMS, Plaintiff-Appellant,
v.
BOARD OF EDUCATION OF MEMPHIS CITY SCHOOLS, Defendant-Appellee.
 No. 90-5936.
 United States Court of Appeals, Sixth Circuit.
 July 1, 1991.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ZATKOFF, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff Willie Worthams ("Worthams" or "plaintiff") appeals from the district court's order granting summary judgment in favor of defendant, Board of Education of the Memphis City Schools ("Board"). For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 The facts in this case are not in dispute. On June 2, 1986, formal charges against Worthams were brought by the Board. The charges resulted from an investigation conducted by the Superintendent of the Memphis School System, W.W. Herenton, that Worthams had been dating a student. This alleged conduct, if proven true, constituted statutory grounds for dismissal.
 
 
 3
 On June 3, 1986, Herenton forwarded a copy of the written charges. In addition, Worthams received a letter describing his legal rights under the terms of the Tennessee Teachers Tenure Act, Tenn.Code Ann. Sec. 49-5-501 et seq. including a right to request a school board hearing within 30 days after receipt of Superintendent Herenton's letter. Although the letter did not indicate, plaintiff, as a member of the Memphis Education Association ("MEA"), a professional employees' organization pursuant to Educational Professional Negotiation Act, Tenn.Code Ann. Sec. 49-5-601, et seq., could also elect to have the MEA submit the matter to arbitration pursuant to article XII, section G, of the collective bargaining agreement between the Board and the MEA in lieu of a hearing conducted by the Board pursuant to Tenn.Code Ann. Sec. 49-5-512.
 
 
 4
 On June 30, 1986, less than the thirty-day period after his receipt of the notice of charges from Herenton and within the thirty-day period specified under Tenn.Code Ann. Sec. 49-5-512(a) for requesting a hearing by the Board, Worthams notified the Board that he had opted to have his discharge reviewed by an arbitrator, thereby waiving his right to a hearing by the Board. Plaintiff also asked the Board to notify him of the date of his discharge in order that the matter could be submitted to an arbitrator.
 
 
 5
 On July 14, 1986, the Board notified plaintiff of its position under the collective bargaining agreement that discharge was not a prerequisite for filing a grievance; that plaintiff had not filed a grievance; and assuming arguendo that the letter of June 30, 1986 was a grievance, the fourteen-day period for filing a grievance had expired. The Board then granted plaintiff an additional ten days to request a statutory Board hearing. Finally, the Board informed Worthams that if he and the MEA chose instead to seek arbitration, the Board would raise the issue of arbitrability.
 
 
 6
 On July 19, 1986, Worthams responded to the Board's July 14, 1986 letter stating that he had elected to proceed to arbitration pursuant to the collective bargaining agreement. On December 15, 1986, plaintiff and an MEA representative signed a stipulation and waiver acknowledging the receipt of charges against him, waiving his right to a hearing pursuant to Tenn.Code Ann. Sec. 49-5-512, as well as his rights under article IV, section G, step 3 of the bargaining agreement, and requesting that his case be submitted to arbitration pursuant to article XII, section G of the agreement.
 
 
 7
 After conducting a hearing, the arbitrator issued an opinion and award holding that plaintiff's grievance was not arbitrable because it was not submitted on the prescribed form and was untimely filed. Thus, the arbitrator did not address the merits of the charges against Worthams. Plaintiff's grievance was, therefore, dismissed. On May 18, 1987, the Board voted to terminate plaintiff. The minutes from that meeting list his separation date as June 30, 1986, the date in which plaintiff's contract expired.
 
 
 8
 Plaintiff filed a complaint against the Board on June 17, 1987, alleging that the Board's discharge of him from his position as a tenured teacher deprived him of his property without due process of law in violation of the fourteenth amendment of the United States Constitution. In addition, plaintiff alleged that the discharge violated the Tennessee Teacher Tenure Act, Sec. 49-5-501, et seq., and violated the provision of Tenn.Code Ann. Sec. 49-2-203(a)(7), requiring that the Board discharge a teacher only upon sufficient proof of misconduct. The Board filed a motion for summary judgment, which was granted by the district court. This timely appeal followed.
 
 II.
 
 9
 The first issue we must consider is whether the district court erred in holding that Worthams was not deprived of his property without due process. It is undisputed that plaintiff, as a tenured teacher pursuant to Tenn.Code Ann. Sec. 49-5-50 et seq., had a property interest creating a legitimate claim to continued employment, and as a matter of state law, could not be discharged except for the reasons set forth in Tenn.Code Ann. Sec. 49-5-512. The due process clause of the fourteenth amendment requires that an individual possessing such an interest receive "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547 (1985) (emphasis added). In addition, Tenn.Code Ann Sec. 49-2-203(a)(7) provides "that no one shall be dismissed without first having been given in writing due notice of the charge or charges and an opportunity for defense."
 
 
 10
 Here, plaintiff received notice of the charges against him on June 3, 1986. In that letter plaintiff was also advised of his rights to request a hearing before the Board within 30 days. Thus, as found by the district court, at this juncture the Board had satisfied the minimally sufficient essential elements of notice and an opportunity to respond. Loudermill, 470 U.S. at 546. It is also clear from his June 30 and July 19, 1986 letters to the Board that plaintiff understood those rights and also that he had the option of going before an arbitrator. In those letters plaintiff indicated that he had elected the latter course of action. Due process does not require that a discharged employee have a hearing on his discharge if the employee voluntarily waives that right. Malone v. United States Postal Service, 526 F.2d 1099, 1105 (6th Cir.1975). Moreover, this court has held that due process is not offended when a collective bargaining agreement provides for an alternative procedure with an opportunity for a trial type hearing. See, e.g., American Postal Workers Union v. United States Postal Service, 736 F.2d 317, 320 (6th Cir.1984); Malone, 526 F.2d 1099.
 
 
 11
 Plaintiff attempts to argue that the Board's adoption of the arbitrator's ruling, which is based solely on procedural grounds, violated his right to due process. This argument obfuscates the issue. It is undisputed that plaintiff was provided an opportunity for a hearing after notice of the charges. That is all that was required under both the fourteenth amendment and the Tennessee statute. Furthermore, plaintiff's claim cannot stand in light of his knowing waiver of the statutory right to a hearing, and untimely filing of the grievance. An arbitrator's rulings on timeliness of a grievance and hence arbitrability will not be disturbed unless that decision fails to draw its essence from the collective bargaining agreement. Interstate Brands Corp. v. Chauffeurs, Teamsters, Warehousemen and Helpers Local Union No. 135, 909 F.2d 885, 891 (6th Cir.1990). Here, the arbitrator correctly interpreted the 13-day period by reviewing the collective bargarining agreement in its entirety. See Policy v. Powell Pressed Steel Co., 770 F.2d 609, 613 (5th Cir.1985) (court should interpret each provision of collective bargaining agreement as part of an integrated whole) cert. denied 475 U.S. 1017 (1986).
 
 
 12
 Plaintiff also argues that his discharge violated Tenn.Code Ann. Secs. 49-2-203(a)(7) and 49-5-511(a)(2). Section 49-5-511(a)(2) enumerates the causes for which a tenured teacher may be discharged. Section 49-2-203(a)(7) provides that the Board may dismiss a teacher only "upon sufficient proof of improper conduct, inefficient service, or neglect of duty (emphasis added)." Plaintiff claims that all the Board had before it were Herenton's charges against Worthams but that it never received any proof of improper conduct on Worthams' part. While this argument has superficial appeal, if carried to its logical conclusion, it would require the Board to conduct a hearing in every instance of discharge, whether or not the employee sought to challenge the Board's action. This interpretation clearly is not what is required by the fourteenth amendment or the Tennessee statute itself, which merely requires that the teacher being discharged be provided with written notice of the charge "and an opportunity for defense." Tenn.Code Ann. Sec. 49-2-203(a)(7) (emphasis added).
 
 
 13
 At the time the Board decided to issue the notice of charges against plaintiff it had before it a detailed statement from Superintendent Herenton of his investigative findings of the complaint against Worthams. Herenton stated that he had received a complaint from the mother of the high school student whom plaintiff had allegedly been dating. We conclude that this was all that was required under the Tennessee Teachers Tenure Act absent a timely objection from plaintiff. AFFIRMED.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation