**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-40488
Summary Calendar
_____


MARK PETROLEUM, INC.,

Plaintiff-Appellant,

VERSUS


LESTER H. SMITH; SMITH ENERGY COMPANY, INC.;
STEVEN WOLF; PETROSAKH LIMITED; PETROSAKH USA, INC.;
MIKE KERR; MARK C. MCKINLEY; LAWRENCE E. GLENN;
LABRADOR OIL COMPANY; GORDY GAS CORPORATION;
and RUSSELL D. GORDY,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Eastern District of Texas
(9:94-CV-80)
_____


November 1, 1996
Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Mark Petroleum, Inc. ("Mark"), appeals the denial of leave to amend its complaint, and appeals the dismissal of its claims pursuant TO FED. R. CIV. P. 12(b)(6).  We affirm in part and reverse

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and remand in part.

I.

Mark filed the instant action alleging fraudulent inducement in connection with various contracts entered into with defendants governing a business relationship to develop an oil field on Sakhalin Island. Prior to Mark's filing of this action, Quanto International Company, Ltd., had filed a similar action in Texas state court[1] and had been compelled to arbitration by court order.[2] Although Quanto is a separate entity from Mark, George Mirkin, one of the two principals and directors of Mark, is Quanto's president and majority shareholder. Quanto also had assigned to Mark, under a previous Declaration of Trust, all prospective benefits to which Quanto was entitled with respect to the Sakhalin Island project. At least one of Quanto and Mark is a signatory to each of the various contracts entered into with defendants in relation to the project.

Upon defendants' motion, the district court issued an order staying discovery pending resolution of the state court matters.

---

[1] The major difference between Quanto's and Mark's suits is the documents to which each alleges the fraud attaches. Similarly, Quanto did not name the Smith defendants, choosing to name only the Petrosakh defendants, Smith's successors in interest.

[2] Quanto and Mark agreed subsequently that Mark would seek a non-suit in the state court action to enable Mark to pursue the instant action. The non-suit was originally granted, but the state court later reinstated both the action and its original order compelling arbitration and staying the proceedings pending arbitration.

After the case was reassigned to a different judge, the court requested that the parties provide additional briefing on the stay and on defendants' motion to dismiss for collateral estoppel. The court subsequently denied Mark's motion for leave to file a second amended complaint and granted the motion to dismiss, holding that Mark was collaterally estopped from relitigating the arbitration issues that had been adjudicated in state court.

## II.

Mark first contends that the district court erred in denying its motion for leave to file a second amended complaint. Facing defendants' motion to dismiss, which asserted that Mark's claim was barred by collateral estoppel, Mark sought to amend his complaint to conform the allegations contained in the complaint to a party affidavit that had been submitted some sixteen months earlier. The district court, after noting properly the standards that govern disposition of the motion, denied Mark's motion, citing undue delay, bad faith, and failure to cure deficiencies by an amendment allowed previously.

The decision to grant leave to amend is entrusted to the sound discretion of the district court, and thus we review for abuse of discretion only. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The district court may consider such factors as undue delay, bad faith or dilatory motive, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the non-movant, and futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

The district court first cited Mark for undue delay, noting that Mark had waited more than sixteen months to amend its complaint to assert facts that are in direct contradiction to facts asserted in its two prior complaints. In particular, Mark sought to amend its complaint to conform to a party declaration submitted along with the original complaint asserting that Quanto was acting without Mark's consent in filing its state court suit, and thus Mark could not be estopped collaterally by the state court's decision to compel arbitration.

The district court noted that Mark had been, or should have been, aware of all facts relevant to such claims, and thus its failure to amend its complaint sooner, absent any reason for delay, evinced inexcusable neglect.[3] Because the sole purpose of the amendment was to escape dismissal under collateral estoppel, the court also found that Mark sought to amend improperly to gain a tactical advantage. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (Former 5th Cir. 1981). Furthermore, Mark had failed to

---

[3] Mark asserts, for the first time on appeal, reasons for delaySSthat his clients travel frequently out of town, that they are non-native English speakers, that the facts are complex, and that it needed to file quickly to prevent a limitations defense. Although we refuse to review reasons proffered for the first time on appeal, we caution nonetheless that we do not view such factors as mitigating an attorney's ethical and legal duty to make a reasonable investigation of the facts prior to filing suit. *See, e.g.,* FED. R. CIV. P. 11.

4

correct its pleading when given leave to file its first amended complaint two months after filing the original action.

There was no abuse of discretion. The court considered properly the *Foman* factors and provided "substantial reasons" for its decision to deny leave. *See Jamieson by and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).[4]

## III.

Mark next asserts that the district court erred in dismissing its claim under FED. R. CIV. P. 12(b)(6) because it improperly applied the Texas collateral estoppel doctrine. We review *de novo* a grant of a motion to dismiss. *See Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.), cert. denied, 115 S. Ct. 189 (1994).

We are required, under the Full Faith and Credit Act, 28 U.S.C. § 1738, to accord state court judgments the same preclusive effect provided by the law of the state in which the judgment was rendered. *See A.L.T. Corp. v. Small Bus. Admin.*, 801 F.2d 1451, 1455 (5th Cir. 1986). Under Texas law, collateral

---

[4] We pause briefly to address directly two of Mark's asserted errors in the district court's ruling. First, citing *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 199 (5th Cir.), *cert. denied*, 488 U.S. 924 (1988), Mark contends that the defendants' failure to object to the motion requires automatically that the court grant it. We do not read *Corwin* so to require, and we note that failure to object alone, absent a letter evincing defendants' "clear expression of acquiescence to an amendment, and their statement in the letter that an amendment would be for their own benefit," *id.*, is insufficient to support a claim of abuse of discretion. We similarly reject Mark's argument that the denial of leave to amend, notwithstanding the fact that Mark complied with the court's deadline for filing motions to amend, is *per se* abuse of discretion. *See Wimm*, 3 F.3d at 141-42 (same).

5

estoppel "bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action." *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984). A prior adjudication will be given estoppel effect only where (1) the parties have been fully heard; (2) the court has supported its decision with a reasoned opinion; and (3) the decision was subject to appeal or was in fact reviewed on appeal. *See Mower v. Boyer*, 811 S.W.2d 560 (Tex. 1991) (citing *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986)).

The district court recognized the "final judgment" requirement for collateral estoppel, yet concluded incorrectly that finality requires only that the issue have been fully litigated, not that a final judgment have been obtained. Because we are required to apply Texas collateral estoppel doctrine when reviewing Texas state court adjudications, we need not decide whether this is in fact a correct statement of law in the Fifth Circuit,[5] but note only that it states Texas law incorrectly. A Texas state court order compelling arbitration and granting a stay pending arbitration is

---

[5] The district court cited in support of its conclusion *Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1190-91 (5th Cir. 1982), *vacated and remanded*, 460 U.S. 1007, *initial opinion adhered to on remand*, 718 F.2d 725 (5th Cir.) (adhering to partial dissent), *vacated for rehearing en banc*, 718 F.2d 730 (5th Cir. 1983) (settled before rehearing en banc). *Chemetron* has no precedential force, because the panel opinion was vacated. *See Avondale Shipyard, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1273 n.11 (5th Cir. 1986). The final judgment requirement for collateral estoppel in the Fifth Circuit remains in flux. *See Marine Shale Processors, Inc. v. United States Envtl. Protection Agency*, 81 F.3d 1371, 1380 n.2 (5th Cir. 1996).

an interlocutory order that is not subject to appeal under either the Texas or federal arbitration acts. *See Bethke v. Polyco, Inc.*, 730 S.W.2d 431, 434 (Tex. App.§§Dallas 1987, no writ); *Purdy v. Monex Int'l, Ltd.*, 867 F.2d 1521, 1523 (5th Cir.), *cert. denied*, 493 U.S. 863 (1989). An interlocutory order not subject to appeal (or not in fact reviewed on appeal) is not entitled to preclusive effect under Texas's collateral estoppel principles. *See Mower*, 811 S.W.2d at 562-63.

The denial of leave to amend is AFFIRMED. The judgment of dismissal is REVERSED, and this matter is REMANDED for further proceedings.